## Case No. 16,150.

### UNITED STATES v. RHAWN.

[33 Leg. Int. 258; [1] 11 Phila. 521; 22 Int. Rev. Rec. 235; 1 Thomp. Nat. Bank Cas. 358; 2 Wkly. Notes Cas. 604; 8 Chi. Leg. News, 372; 23 Pittsb. Leg. J. 199.]

District Court, E. D. Pennsylvania. Nov. Term, 1875.

INTERNAL REVENUE—AUTHORITY OF INSPECTORS— EXAMINATION OF NATIONAL BANKS.

1. The law under which the national banks are incorporated does not exempt them from

[1] [Reprinted from 33 Leg. Int. 258, by permission.]

examination by the internal revenue officers mentioned in section 3177 of the Revised Statutes.

2. A clerk of a supervisor of internal revenue is, however, not such an officer.

At law.

John K. Valentine, U. S. Atty.
Charles S. Pancoast. for defendant.

CADWALADER, District Judge (charging jury). Section 3177 of Revised Statutes of the United States enacts, that "any collector, deputy collector, or inspector, may enter in the day time, any building or place where any articles or objects subject to tax are . . . kept within his district, so far as it may be necessary for the purpose of examining said article or articles, and that any owner or person having the agency or superintendence of such building or place, who refuses to suffer such officer to examine such article or articles, shall for every such refusal, forfeit five hundred dollars." Section 3163 enacts, that every supervisor, under the direction of the commissioner, shall see that all laws and regulations relating to the collection of internal taxes, are faithfully executed and complied with, etc. The present suit is to recover $500, a penalty alleged to have been incurred by the defendant, who is president of a national bank, by refusing to suffer a person who was acting under the direction of Mr. Tutton, the supervisor of internal revenue, to examine such checks of customers of the bank as were kept in it, in order to discover whether any, and which of them were unstamped, contrary to the provisions of the internal revenue law upon the subject.

It is alleged that there was an application to the defendant, to suffer such an examination to be made, and that the defendant refused to suffer this to be done. The defendant contends that the revenue officer had no right to make the examination requested. The ground of this contention is, that the law under which the national banks are incorporated provides for the occasional examination of their affairs, and for reports of their condition to the controller of the currency, and enacts that they shall not be subject to any visitorial powers other than are authorized by the act, or are vested in the courts of justice. These banks are fiscal agents of the government of the United States, and it would be most extraordinary that congress should have exempted their customers from a necessary and proper scrutiny under the revenue laws in a matter which has no legitimate connection whatever with the affairs of the banks. As to the position thus taken by the defence, I am of the opinion that it is wholly unreasonable and unfounded in law. If you believe the testimony of Mr. Tutton, he told the defendant that there was no desire or intention to examine into the affairs of the bank, or the accounts of its customers, and stated that the sole purpose was to ascertain whether checks in its keeping were unstamp-

ed. If unstamped, they were subject to tax under the revenue law. The visitorial powers over a corporation are the subject of a distinct head under the law of corporations. The examination of such checks under the revenue law is not the exercise of a visitorial power under the act of congress relative to the banks. This part of the defence, therefore, fails in law. It appears, however, that the person who asked to make the examination in this case was a clerk to the supervisor. Such a person is not an officer within the meaning of the law. The words of section 3177 are, "any collector, deputy collector or inspector;" and a clerk to the supervisor is not included in this description. If the supervisor was himself authorized to make such an examination, he could not delegate this power to his clerk. Your verdict should, therefore, for this reason, be for the defendant.